UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ERIC THOMAS MESI,<br><br>Debtor.<br>_____<br>ERIC THOMAS MESI,<br><br>Appellant,<br>v.<br>PENNYMAC LOAN SERVICES, LLC,<br><br>Appellee. | Case No. 22-cv-02582-JSC<br><br>**ORDER RE: IN FORMA PAUPERIS STATUS ON APPEAL TO THE BANKRUPTCY APPELLATE PANEL**<br><br>Re: Dkt. No. 1 |

The Bankruptcy Appellate Panel (BAP) has referred this action to this Court "for the limited purpose of ruling on the [in forma pauperis] motion." (Dkt. No. 1.)

Mr. Mesi filed a chapter 7 bankruptcy on July 6, 2020. He was granted a discharge pursuant to 11 U.S.C. § 727 on September 30, 2020. *See In re: Eric Thomas Mesi*, No. 20-51015, Dkt. No. 28 (N.D. Cal. Sept. 30, 2020).   A year later, Mr. Mesi filed a "motion to quash state court claims from noncreditor PennyMac." *See In re: Eric Thomas Mesi*, No. 20-51015, Dkt. No. 44.  The bankruptcy court subsequently issued an order denying the motion to quash. *See In re: Eric Thomas Mesi*, No. 20-51015, Dkt. No. 48.  Mr. Mesi then filed a notice of appeal to the BAP of the bankruptcy Court's denial of his motion to quash. *In re: Eric Thomas Mesi*, No. 20-51015, Dkt. No. 51. The bankruptcy court certified that Mr. Mesi's appeal was not taken in good faith under 20 U.S.C. § 1915(a)(3). *See In re: Eric Thomas Mesi*, No. 20-51015, Dkt. No. 70. The bankruptcy court did so because (1) the issues raised in his motion to quash, including that PennyMac violated the bankruptcy discharge, were not supported by the pleadings; (2) the

bankruptcy court lacked jurisdiction to hear Mr. Mesi's claim under 18 U.S.C. § 152(4); (3) the *Rooker-Feldman* doctrine barred the bankruptcy court from considering Mr. Mesi's challenge to the Nevada State Court's order designating him as a vexatious litigant; and (4) the denial of the motion to quash was not an appealable order.  (*Id.*)

As the bankruptcy court noted, the pleadings do not support his contention that the bankruptcy discharge was violated and there is nothing in the record that suggests that conclusion was erroneous.  In addition, to the extent that Mr. Mesi seeks to challenge the Nevada State Court's actions his claims are barred by *Rooker-Feldman*.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding *that Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

The Court finds that Mr. Mesi's appeal is frivolous because it "has no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quotation marks and citation omitted). It is therefore not "taken in good faith" within the meaning of 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Accordingly, Mr. Mesi's motion to proceed in forma pauperis on appeal is denied.

The Clerk shall transmit a copy of this order to the BAP and close this action.

**IT IS SO ORDERED.**

Dated: May 5, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

2